# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEBORAH M. GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 23-CV-2116 |
| FEDERAL BUREAU OF PRISONS, ) | |
| 320 First St. NW ) | |
| Washington, DC 20534 ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## COMPLAINT

**Preliminary Statement**

1.      The Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, promotes government transparency and accountability by allowing members of the public to request documents and information from federal agencies. FOIA's commitment to these principles is reflected in both its substance and its procedures. It requires "*full* agency disclosure unless information is exempted under clearly delineated statutory language," *U.S. Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 495 (1994) (citations omitted) (emphasis added), and it mandates that the government move quickly: agencies have 20 business days to grant or deny a request, to explain their reasoning to the requestor, and to notify the requestor of the right to appeal an adverse decision, *see* 5 U.S.C. § 522(a)(6)(A)(i).

2.      In December of 2021, Plaintiff Deborah Golden submitted a FOIA request to Defendant, the Federal Bureau of Prisons ("BOP" or "Defendant"). The records she sought—and still seeks—are in BOP's possession and subject to disclosure under FOIA.

3.      Since the submission of Golden's request, BOP has actively ignored FOIA's clear deadlines. Five months after the date by which BOP was required to respond to Golden's request, BOP informed her that it was "unable to provide an expected time for completion." That was over a year ago, and BOP has not responded to Golden's subsequent inquiries. Because BOP is in extreme and open violation of FOIA's deadlines, and because none of FOIA's exemptions apply to the records at

issue, Golden seeks an injunction requiring BOP to timely produce the requested records.

## Parties

4.      Deborah M. Golden is an attorney based in Washington, D.C. She is the founder and owner of The Law Office of Deborah M. Golden. Her practice regularly represents people in the custody of the Federal Bureau of Prisons in civil rights and related litigation.

5.      The Federal Bureau of Prisons is an agency housed within the Department of Justice. It has possession, custody, and control of the records requested by Golden.

## Jurisdiction and Venue

6.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## Statement of Facts

8.      Golden represents a federal prisoner in a civil action challenging his transfer, by BOP, from the United States Penitentiary Marion ("Marion") in Marion, Illinois, to the United States Penitentiary Administrative Maximum Facility in Florence, Colorado ("ADX"). Golden's client claims both that BOP's decision to transfer him was initiated in violation of his rights under the First Amendment to the U.S. Constitution and that the transfer violates his rights under the Fifth and Eighth Amendments to the U.S. Constitution.

9.     Of particular relevance to this action is Golden's client's Eighth Amendment claim, which rests primarily on the theory that because of his mental illness BOP is forbidden from transferring him to a prison, like ADX, in which prisoners are held in "extreme isolation," a term used to describe conditions in which people are involuntarily confined to their cells for between 20 and 24 hours per day. Specifically, Golden argues that BOP medical staff have diagnosed her client with serious mental illness; that BOP policy expressly forbids the placement of people with serious mental illness in ADX; and that the transfer of a prisoner with serious mental illness to conditions of "extreme isolation" violates the Eighth Amendment.

10.    This prisoner's medical records are undoubtedly essential documents for his Eighth Amendment claim. And so, on December 7, 2021, Golden sought these records from BOP via a FOIA request. Specifically, Golden requested "the complete central, medical, psychological, and disciplinary files on [her client], as well as any other records or memos the BOP has custody of regarding [him]." Roughly one week later, BOP requested an additional certificate of identity for Golden's client, which Golden produced on January 12, 2022.

11.    At this point, with Golden having produced the additional documents requested by BOP, FOIA's clock began to tick. BOP had twenty business days—until February 10, 2022—to respond to Golden's request. This deadline came and went with no action from BOP.

12.    Roughly four months past this deadline, Golden, having still heard nothing from BOP, sought an update. On June 13, 2022, BOP responded to Golden,

"Currently your request is pending processing. We are unable to provide an expected time for completion."

13.     Since then—for over a year now—BOP has not communicated with Golden in any way about her FOIA request. Golden last sought an update from BOP on June 26, 2023; BOP ignored her message. At no time has BOP indicated to Golden that any aspect of her request or the records she seeks present circumstances that might delay production, nor has it suggested that the records Golden seeks are subject to any of FOIA's disclosure exemptions, and none are. *See* 5 U.S.C. § 552(b)(1)-(9) (listing exemptions).

14.     BOP's inaction and silence is in clear and extreme violation of FOIA and has significantly impeded litigation in which it is the sole defendant. Lack of access to her client's BOP records has hindered not only Golden's legal work, but also the work of the forensic psychiatrist whom Golden has hired to evaluate her client.

## Causes of Action

### Count One: Violation of 5 U.S.C. § 522(a)(6)(A)(i)

15.     Golden incorporates all prior paragraphs by reference here.

16.     Golden requested all documents in BOP's possession relating to her client. This request was finalized on January 12, 2022.

17.     Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "*shall* determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and *shall immediately notify the person making such request* of" its

"determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal. (Emphasis added.)

18.   Because the 20-day deadline by which BOP was required to communicate its determination passed on February 11, 2022— almost one-and-half years ago— BOP's silence and inaction is illegal.

19.   Because none of FOIA's exemptions apply to the records Golden seeks, *see* 5 U.S.C. § 552(b)(1)-(9), BOP must produce those records.

20.   Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions."

## Requested Relief

Plaintiff Deborah Golden respectfully requests:

- An order requiring Defendant to produce, by a date certain, records responsive to Golden's FOIA request.
- An award of reasonable attorneys' fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E).
- All other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
Samuel Rosen
(*pro hac vice* application forthcoming)
GERSTEIN HARROW LLP
810 7th Street NE, Suite 301
Washington, DC 20002
charlie@gerstein-harrow.com
(202) 670-4809