UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH GOLDEN,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>*Defendant*. | Civ. A. No. 23-2116 (ACR) |

## ANSWER

Defendant the Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, hereby submits this Answer to the Complaint, ECF No. 9, filed against Defendant by Plaintiff, Deborah Golden ("Plaintiff") in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

## RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

**Preliminary Statement**[1]

1. Paragraph 1 consists of Plaintiff's characterization of the FOIA and a conclusion of law, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the text of FOIA and caselaw cited in this paragraph for their true and complete contents and deny all allegations in this paragraph inconsistent therewith.

2. Defendant admits that BOP received a FOIA request from Plaintiff dated December 7, 2021. Defendant respectfully refers the Court to that FOIA request for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations contained in this paragraph.

3. Defendant avers that BOP acknowledged receipt of Plaintiff's FOIA request on December 15, 2021, assigned it FOIA Request Number 2022-01360, and denied it expedited status. Defendant respectfully refers the Court to BOP's acknowledgement letter for its true and complete contents, and denies all allegations in this paragraph that are inconsistent therewith. The remainder of paragraph 3 contains legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies.

**Parties**

4. Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

5. Defendant admits that the BOP is an agency of the Department of Justice and the United States government within the meaning of FOIA. The remainder of paragraph 5 contains

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

- 3 -

legal conclusions to which no response is required. To the extent a response is required, Defendant admits.

## Jurisdiction and Venue

6. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter and personal jurisdiction subject to the terms and limitations of FOIA.

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district for this action.

## Statement of Facts

8. Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph to the extent they purport to describe Plaintiff's reasons for submitting the FOIA request referenced in this paragraph. To the extent this paragraph otherwise characterizes Plaintiff's FOIA request, Defendant respectfully refers the Court to the FOIA request for its true and complete contents and denies all allegations in this paragraph inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9. Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph to the extent they purport to describe Plaintiff's reasons for submitting the FOIA request referenced in this paragraph. To the extent this paragraph otherwise characterizes Plaintiff's FOIA request, Defendant respectfully refers the Court to the request for its true and complete contents and denies all allegations in this paragraph inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. Defendant admits Plaintiff submitted a FOIA request dated December 7, 2021, and on December 15, 2021, BOP requested a Certificate of Identity, signed by Plaintiff's client to authorize release of the requested records to Plaintiff. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in this paragraph as they purport to describe Plaintiff's reasons for submitting the FOIA request referenced in this paragraph. To the extent this paragraph otherwise characterizes Plaintiff's FOIA request, Defendant respectfully refers the Court to those requests for their true and complete contents and denies all allegations in this paragraph that are inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any

countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     Paragraph 11 contains legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies all allegations in this paragraph.

12.     Defendant lacks sufficient information to either admit or deny the allegations contained in the first sentence. Defendant admits that BOP corresponded with Plaintiff on June 13, 2022, regarding the status of Plaintiff's FOIA request. To the extent this paragraph otherwise characterizes the parties' communications, Defendant respectfully refers the Court to those communications for their true and complete contents and denies all allegations in this paragraph inconsistent therewith.

13.     Defendant admits that at the time Plaintiff filed the Complaint, BOP had no further communications with Plaintiff after June 13, 2023, and avers that on September 20, 2023, BOP issued its first rolling release determination letter releasing 734 pages total. Defendant lacks sufficient information to either admit or deny the allegation that Plaintiff sought an update from BOP on June 26, 2023 and denies that Defendant received any communication from Plaintiff on June 26, 2023. The remaining allegations in this paragraph contain legal conclusions and argument, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

14.     Paragraph 14 contains legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**Causes of Action**

*Count One: Violation of 5 U.S.C. § 552(a)(6)(A)(i)*

15. Defendant repeats the responses in all prior paragraphs and incorporates them by reference as fully set forth herein.

16. The first sentence in paragraph 16 contains Plaintiff's characterization of Plaintiff's FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the FOIA request for its true and complete contents and denies all allegations in this paragraph inconsistent therewith. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the court to the portions of the FOIA referenced in this paragraph for their true and complete contents and denies all allegations in this paragraph inconsistent therewith.

18. Paragraph 18 contains legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

19. Paragraph 19 contains legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response may be required, Defendant respectfully refers the court to the portions of the FOIA referenced in this paragraph for their true and complete contents and denies all allegations in this paragraph inconsistent therewith.

**Requested Relief**

The paragraph beginning with "Plaintiff Deborah Golden" and containing three subparagraphs marked by bullet points sets forth Plaintiff's prayer for relief, to which no answer is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and all its subparagraphs and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

**DEFENSES**

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b) where disclosure would cause foreseeable harm.

SECOND DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

THIRD DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA. 5 U.S.C. § 552.

### FOURTH DEFENSE

To the extent that Defendant have exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist, Defendant should be allowed additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

### FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees and costs.

### SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

\*   \*   \*

- 9 -

Dated: September 22, 2023
Washington, DC

>Respectfully submitted,
>
>MATTHEW M. GRAVES, D.C. Bar. #481052
>United States Attorney
>
>BRIAN P. HUDAK
>Chief, Civil Division
>
>By: /s/ Anna D. Walker
>    ANNA D. WALKER
>    Assistant United States Attorney
>    601 D. Street, NW
>    Washington, DC 20530
>    Telephone: (202) 252-2544
>    Anna.Walker@usdoj.gov
>
>    *Attorneys for the United States of America*